## F. H. JENNINGS et al. *v.* HAMMOND & McRAVEN.

The act repealing the law authorizing the valuation of property taken under execution, containing a provision that the repeal shall not extend to any judgments previously rendered, will not embrace such judgments in its operation.

THIS cause came by appeal from Hinds county, and was decided at the December term, A. D. 1842, of the circuit court thereof.

The record filed in the case is as follows:

" Be it remembered that, in the case of *Hammond & McRaven* v. *F. H. Jennings* et. al. the plaintiffs, by their attorney, entered upon the motion docket of said court, a motion in the words and figures following, to wit: motion to set aside the valuation in this case, the same having been erroneously taken after the repeal of the law, authorizing the valuation of property levied upon under execution. And at the said term of said court, on the third day of January, it was, on motion, ordered that the valuation in this case be set aside. And at the said term, on the 25th day of January, 1843, the defendants in the case above recited, pray an appeal from the opinion of the court, in discharging the valuation, &c., and gives bond," &c.

*Briggs,* for Appellants.
*Dabney,* for Appellees.

PER CURIAM. The defendants in error, being plaintiffs in the execution, made a motion in the circuit court of Hinds county, to set-aside the valuation made of property taken under execution, on the ground that the statute authorizing such valuation had been repealed. The motion was made on the 3d of January, 1842. In the same month the statute was repealed, but it was subsequent to the entry of the motion. And the repealing act contains a provision that it shall not extend to any judgments previously rendered. Even then, if the act authorizing

Jennings et. al. *v.* Hammond & McRaven.

the valuation of property levied on by execution, had been repealed before decision on the motion, still this case was not affected by it, because it is within the saving. It does not appear when the judgment was rendered, but it must have been before the repeal, as the valuation must have been returned to the December term of the court, which was prior to the session of the legislature, which repealed the valuation law. The record shows no other ground for the motion, and this being insufficient to justify the setting aside the valuation, even if the proper remedy is by motion, the judgment must be reversed.